[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#119)
 Facts
On January 3, 2002, the plaintiffs, Susan Orzechowski and Richard Orzechowski filed a fifteen count complaint against the defendants, Norman Kuzel, Alisa Carlson, Mark Weeks and Sandra Feldsted as a result of a motor vehicle accident that occurred on December 15, 1999, involving Susan Orzechowski, Kuzel and Weeks. The three individuals where allegedly driving on Route 32 when Susan Orzechowski was rear ended by Kuzel who had been rear ended by Weeks. On April 17, 2002, the Orzechowski's amended the complaint.[1]
Counts one (negligence), two (loss of consortium),; three (statutory recklessness), and four (loss of consortium based on statutory recklessness) are brought against Kuzel, the alleged operator of the vehicle involved in the accident. Counts five through seven are identical to counts one through three, except that these counts are brought against Carlson, the alleged owner of the vehicle operated by Kuzel. Counts eight through eleven are identical to counts one through four, except these counts are brought against Weeks, the alleged operator of the third vehicle involved in the accident. Count twelve (negligence) is brought against Felsted, the alleged owner of the vehicle operated by Weeks. Counts thirteen through fifteen, as amended, are brought against Carlson the owner of the car operated by Kuzel alleging loss of consortium, statutory recklessness, and loss of consortium based on statutory recklessness, respectively.
Weeks and Feldsted jointly filed a motion to strike counts ten, eleven, fourteen and fifteen of the complaint on the ground that these counts fail to state a legally recognized cause of action on May 10, 2002.[2] The defendants also filed a supporting memorandum of law pursuant to Practice Book § 10-39. The plaintiffs filed a memorandum in opposition to the motion to strike on May 30, 2002. CT Page 13351
 Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well pleaded facts . . . are taken as admitted." (Citations omitted, internal quotation marks omitted.) Gazov. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombard v. Edward J.Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are not supported by the facts alleged." Novametrics MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
The defendants seek to strike count ten which alleges statutory recklessness against Weeks for the injuries sustained by Susan Orzechowski and count eleven which alleges loss of consortium to Richard Orzechowski based on statutory recklessness on the ground that they fail to state a legally recognized cause of action. The defendants also move to strike the corresponding prayer for relief. In their supporting memorandum, the defendants argue that the plaintiffs' allegations do not satisfy the pleading requirements for statutory recklessness. The plaintiffs refute the motion to strike counts ten and eleven stating the plaintiffs need only plead that Weeks deliberately and/or with reckless disregard operated a motor vehicle and was a substantial factor in causing the plaintiffs' injuries and losses.
General Statutes § 14-295 states: "In any civil action to recover damages resulting from personal injury, wrongful death or damages to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." CT Page 13352
The appellate courts have not decided to what degree of specificity the plaintiff is required to plead recklessness under § 14-295. The Superior Court judges are split on the issue. The minority view holds that the plaintiff must plead the specific facts of recklessness "above and beyond the facts constituting mere negligence." Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. CV 99 0150549 (May 12, 2000, Doherty, J.). The majority of trial courts, however, hold that a plaintiff "need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiffs injuries." Colon v.Southern New England Telephone Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 01 0385673 (May 21, 2002,Gallagher, J.).
This court agrees with the majority view. In order for the plaintiffs to properly plead under § 14-295, they must allege that the defendant deliberately or with reckless disregard violated one of the motor vehicle statutes contained within § 14-295 and such a violation was a substantial factor to the plaintiff's injuries allowing for the recovery of damages pursuant to General Statutes § 14-295. In the present case, the plaintiffs' allegations in count ten, failed to meet these minimum pleading requirements. Although the plaintiffs allege violations of statutes that are found in § 14-295, they fail to properly plead that the statutes were those listed in § 14-295, allowing for the recovery of double or treble damages, therefore, the motion to strike count ten is granted. Because count eleven, the loss of consortium claim, is based on statutory recklessness, this count must also be stricken.
Absent claiming the motor vehicle violations fall under statutory recklessness pursuant to § 14-295, the plaintiffs must allege facts supporting a cause of action for common law recklessness. "In order to establish that the defendants' conduct was . . . reckless, . . . the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Elliott v. Waterbury, 245 Conn. 385, 415, 715 A.2d 27
(1998). Here, the plaintiffs have not alleged facts that would constitute a cause of action in recklessness. CT Page 13353
The defendants also move to strike count fourteen which alleges statutory recklessness against Carlson, the alleged owner of the vehicle operated by Kuzel and count fifteen which alleges loss of consortium based on statutory recklessness. A review of the amended complaint reveals that counts fourteen and fifteen are no longer brought against the defendant Feldsted, therefore the motion to strike is denied as to these counts. Even if the parties were properly named to allege vicarious liability against Feldsted, these counts would be stricken because the counts against Weeks, the alleged agent of Feldsted, have been stricken
 Conclusion
For the above stated reasons the defendants' motion to strike is granted as to counts ten and eleven and is denied as to counts fourteen and fifteen.
 ________________________ D. Michael Hurley, JTR